# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 98-10789
Summary Calendar

---

MOSES RAMIREZ,

Plaintiff-Appellant,

VERSUS

RICHARD SECREASE,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-1806-H

---

February 19, 1999

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Moses Ramirez, an inmate at FCI Seagoville, Texas, filed an *in forma pauperis* 42 U.S.C. § 1983 civil rights action against Richard Secrease, an officer at Seagoville. Ramirez's action was initially construed as a request for habeus corpus relief. Because, however, Ramirez was suing for money damages for violation of his civil rights, rather than seeking release from custody, the magistrate judge properly characterized the action as a *Bivens*[2] action. Ramirez alleges that Secrease violated his civil rights by placing him in administrative detention, causing to him to lose his community ties, his prison job, the opportunity to participate in a drug program which would

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

[2]    *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

have reduced his sentence by one year, and the ability to pay his court costs and fines.[3]  Ramirez was placed in administrative segregation pending an investigation to determine his involvement in bringing drugs into the prison.  This investigation later resulted in Ramirez's indictment and conviction for possession with intent to distribute heroin.

A magistrate judge recommended dismissing Ramirez's *Bivens* action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1) because Ramirez failed to allege a cognizable claim.  The district court adopted the magistrate judge's findings and conclusions.[4]  Ramirez now appeals this dismissal.  We affirm.

An *in forma pauperis* complaint may be dismissed under § 1915(e)(2)(B)(i) as frivolous "if it lacks an arguable basis in law or fact."[5]  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6]  We review a § 1915(e) dismissal for an abuse of discretion.[7]

Ramirez's confinement in administrative segregation, without more, does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty

---

[3]    Ramirez argues that there is no documentation of the reason he was placed in administrative segregation, and that, therefore, his Eighth Amendment right against cruel and unusual punishment, as well as his Fifth and Fourteenth Amendment rights to due process, have been violated.   This claim is negated by the record, which indicates that he was under investigation for bringing drugs into the prison.  Ramirez also contends that Secrease put him in administrative segregation and took away his telephone and visitation privileges without a hearing.  He argues that, under *Wolff v. McDonnell*, 418 U.S. 539 (1974), a disciplinary hearing is necessary before visitation privileges may be suspended, and he cites B.O.P. Policy Statement 5264.06 in support of this argument.  He further claims that a prisoner has a protected liberty interest in remaining in the general prison population.

[4]    Although the district court adopted the magistrate judge's findings, conclusions, and recommendation, it denied relief with prejudice rather than expressly dismissing the action.

[5]    *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

[6]    *Id.*

[7]    *Id.*

2

interest."[8]  Indeed, the Due Process Clause does not afford Ramirez a protected liberty interest which would have entitled him to the procedural protections of which Ramirez claims he was deprived.[9]  Because Ramirez has not alleged a deprivation of a protected liberty interest, his complaint has no arguable basis in law.[10]  Accordingly, the district court did not abuse its discretion by dismissing Ramirez's complaint as frivolous.[11]

AFFIRMED.

---

[8]  *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995).

[9]  *See Sandin*, 515 U.S. at 487.

[10]  *See Siglar*, 112 F.3d at 193.

[11]  *See id*; *Luken*, 71 F.3d at 194.